UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| REX ALLEN KIMBLE, et al | CIVIL ACTION 11-555 |
| VERSUS | U.S. DISTRICT JUDGE TRIMBLE |
| DARRELL D. COX, et al | U.S. MAGISTRATE JUDGE KIRK |

**Report and Recommendation on Motion to Remand**

Before the court is plaintiffs' motion to remand, **Doc. #21**, and defendant, Louisiana DODT's motion to dismiss, **Doc. #17**, both referred to me by the district judge for report and recommendation. This is a suit in which Louisiana resident plaintiffs claim damages for wrongful death due to an automobile accident. At the time the suit was removed to this court, complete diversity jurisdiction existed since both defendants were residents of the State of Mississippi. After removal, the Louisiana DOTD was added as an additional defendant.

Plaintiffs move to remand asserting that the addition of the DOTD destroys diversity jurisdiction. DOTD moves to dismiss the claims made against it based on 11th Amendment immunity.

DOTD and the 11th Amendment

The 11th Amendment bars suits in federal court against a state unless the state waives its immunity. Here there is no waiver. The Fifth Circuit has held that the DOTD may exercise its 11th Amendment immunity because it is an arm of the State of Louisiana. See Tillman v. CSX

1

Transportation, Inc., 929 F.2d 1023, 1025 (5th Cir. 1991). DOTD, as a dispensable party, should be dismissed as a defendant.

### Diversity jurisdiction

Plaintiffs argue that the presence of DOTD in the suit destroys diversity jurisdiction, citing Batton v. Georgia Gulf, 261 F. Supp. 2d 575 (M.D.La. 2003). However, DOTD will no longer be a party to the suit, as discussed above. The remaining parties are completely diverse, as they were when the case was removed. The temporary presence of the DOTD in the case did not forever taint the court's jurisdiction so as to destroy diversity jurisdiction over the remaining defendants. Indeed the situation presented here is no different than that presented where the court "drops" a party under FRCP 21 or where certain claims are remanded and others retained in federal court; jurisdiction is maintained. The Fifth Circuit has recognized that jurisdiction is maintained in this circumstance. See Tillman, supra.

In view of the above, I need not reach defendants' alternative argument regarding DOTD's presence as a non-indispensable party.

### Analysis

For these reasons, IT IS RECOMMENDED that DODT's motion to dismiss be GRANTED and that it be dismissed with prejudice and plaintiffs' Motion to Remand be DENIED.

### **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as

supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, September 15, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE